**Abatement Order filed January 8, 2013.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-11-00838-CR**
**NO. 14-11-00839-CR**
**NO. 14-11-00840-CR**
**NO. 14-11-00841-CR**
_____

**FREDRICHEE DOUGLAS SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1197969, 1197970, 1208812, & 1255072**

---

## ABATEMENT ORDER

Appellant is represented by retained counsel, Abraham M. Fisch. On **May 4, 2012,** time to file appellant's brief expired without a brief or motion for extension of time. *See* Tex. R. App. P. 38.6(a). Counsel and the trial court were notified on May 8, 2012, that no brief had been received. No response from appellant was received. Accordingly, on May 24, 2012, we abated the appeal and directed the

1

trial court to conduct a hearing to determine why appellant's brief had not been filed.

The hearing was held on August 30, 2012, and a record of the hearing was filed in this court on September 5, 2012. At the hearing, counsel for appellant explained to the trial court that he had experienced the death of a close family member in January and was unable to work for several months. He assured the court that he had returned to work and would complete appellant's brief in ninety days. He also stated that appellant wished to continue his appeal despite the fact that he had completed his sentences in these cases. Even though a ninety-day extension is much longer than the court's usual procedures, the court considered counsel's circumstances. Accordingly, we reinstated the appeal and set appellant's brief due November 28, 2012, ninety days after the hearing.

Appellant's brief was not filed by the extended due date, and no motion for extension of time was filed. Counsel and the trial court were notified on December 4, 2012, that no brief had been received. No response from appellant was received. The court has allowed additional time due to the holiday season in which to file appellant's brief and it has not been filed. Appellant's brief is now **eight months past due.** It appears to the court that appellant has abandoned the appeal or failed to make necessary arrangements for filing a brief. Therefore, we are required to issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 339th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant has abandoned the appeal or failed to make

necessary arrangements for filing a brief; (c) the reason for the failure to file a brief; (d) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **February 7, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

3

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.